UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELIE KHEN, DORON ORBACH and BEN'S INTERNATIONAL LUXURY TRANSPORTATION, LLC, individually and on behalf of others similarly situated,

                Plaintiffs,

    -against-

US COACHWAYS, INC. and JOHN DOE NOS. 1-20 (the names being fictitious, said persons intended to be drivers for and employees of US COACHWAYS, INC. who refused to transport Plaintiffs and the putative class on or about November 14, 2023),

                Defendants.
------------------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

*Jury trial demanded*

Plaintiffs ELIE KHEN, DORON ORBACH and BEN'S INTERNATIONAL LUXURY TRANSPORTATION, LLC ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class" or "Class members"), bring this Class Action Complaint against Defendants US COACHWAYS, INC. and JOHN DOES NOS. 1-20, based upon their individual experiences and personal information, and investigation by their counsel.

## INTRODUCTION

1.     Plaintiffs, individually and on behalf of all others similarly situated, bring this class action suit against Defendants because of Defendants' discriminatory refusal to transport them and others similarly situated to the March for Israel in DC rally in Washington, D.C. in support of Israel in the current Gaza Strip conflict, the freeing of hostages, and against anti-Jewish discrimination, held on November 14, 2023, on the basis that they would not transport those of the Jewish faith or of Israeli nationality to said rally. The various drivers/employees of US COACHWAYS, INC. accomplished and coordinated their discriminatory scheme by a series of text messages, calls,

1

emails enlisting the participation of other drivers in this scheme.

2. US COACHWAYS, INC. (hereinafter "Coachways") is a nationwide transportation company engaged in various aspects of bus services, both local and interstate. It is headquartered in Staten Island, New York. It is extensively involved in, and derives substantial income from, interstate commerce, and make extensive use of public thoroughfares and the Interstate Highway system.

3. On or about November 14, 2023, various bus driver/employees and/or agents and/or servants and/or contractors in the employ of Coachways refused to transport Plaintiffs, members of the Jewish faith and/or Israeli nationals, and others similarly situated, to the aforesaid rally being held in Washington, D.C. on the basis that they would not transport Jewish individuals or Israeli nationals to said rally. The various drivers communicated by text message and other means so as to coordinate their efforts to prevent Jews and/or Israelis from being transported to said rally. There can be no doubt that these were acts calculated to carry out a hateful, discriminatory agenda in an underhanded and cowardly manner.

4. This occurred even though Plaintiffs, and others similarly situated, had booked passage with Coachways via a contract with the Israeli American Council (IAC), arranged and brokered by Plaintiff BEN'S INTERNATIONAL LUXURY TRANSPORTATION, LLC (hereinafter "Ben's"), to be transported by bus from locations in New York City, Westchester Connecticut, and elsewhere to Washington, D.C. Plaintiffs and others similarly situated were present as lawful passengers of a public conveyance who had committed no acts which would have legitimately barred them from being transported by Coachways.

5. At all relevant times, Defendants promised and agreed to transport Plaintiffs and others similarly situated in accordance with the terms of the license granted to them by Coachways,

for which payment had already been made via Ben's in the amount of $18,950.00 for the charter of five buses under charter number 00713137. However, due to the above-described actions of Coachways' drivers/employees, the chartered buses never arrived at the designated pick-up points. Plaintiff Ben's was merely informed by e-mail on November 14, 2023, four minutes before the scheduled pick-up time, that the charter had been cancelled due to a "driver availability" issue because of a "scheduling error," when in fact the real cause was the above-described job action. Coachways employed this same erroneous explanation of a "scheduling error" in an attempt to explain away a similar cancellation that same day of a charter for a Connecticut contingent that was also seeking to attend the Washington March.

6. There can be no doubt that such a "job action" is part of a larger conspiracy. For example, approximately 900 would-be attendees at the rally from Detroit were stranded at Dulles International Airport when charter bus drivers failed to arrive to transport these individuals from Dulles to the site of the rally at the National Mall, calling in "sick" or filing to appear for various other feigned reasons. Passengers were also left stranded in Florida, Westchester and Connecticut.

7. Accordingly, Plaintiffs seek to recover damages and other relief resulting from the above blatantly discriminatory conduct, including but not limited to, compensatory damages, reimbursement of costs that Plaintiffs and others similarly situated were forced to bear, punitive damages, and declaratory judgment and injunctive relief to mitigate future harms that are certain to occur in light of the scope of this conduct.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; the number of members of the proposed Class exceeds 100; and

diversity exists because some Plaintiffs and Defendants are citizens of different states. Subject matter jurisdiction is also based upon the Civil Rights Act of 1964 and the Federal Transit Law. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants as they conduct substantial business in this State and in this District and/or the conduct complained of occurred in and/or emanated from this State and District.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the conduct alleged in this Complaint occurred in, were directed to, and/or emanated from this District, and because Plaintiffs reside within this District.

## THE PARTIES

11. Plaintiff Elie Khen is an individual residing in the County of New York, State of New York, a member of the Jewish faith and an Israeli national, who had purchased a ticket to be transported by Coachways to the aforesaid rally.

12. Plaintiff Doron Orbach is an individual residing in the State of New York, a member of the Jewish faith and an Israeli national, who had purchased a ticket to be transported by Coachways to the aforesaid rally.

13. Plaintiff Ben's is a foreign limited liability company, organized in and existing by virtue of the laws of the State of Florida, engaged in the business of arranging charter bus and other forms of transportation, which is authorized to and does conduct business in the State of New York and in this District.

14. Defendant Coachways is a bus charter rental company, authorized to conduct business in the State of New York, which conducts business within the State of New York and

within this District, as well as throughout the United States, with its headquarters located in Staten Island, New York.

15. The "John Doe" Defendants are drivers/employees and/or agents and/or servants of Coachways.

## FACTUAL ALLEGATIONS

16. The factual allegations are as stated above.

17. Coachways agreed to transport Plaintiffs and putative class members to the aforesaid rally upon prepayment of a fee of $18,950.00 for the charter of five busses, which payment was made by the individual Plaintiffs through Ben's.

18. Due to the concerted efforts of Coachways' drivers/employees and/or agents and/or servants as described above, resulting in a so-called "job action" or "sick out", Coachways failed to provide the contracted for services. To the date, these fees have not been refunded, despite numerous requests.

19. As described above, these actions were clearly motivated by discriminatory animus against Plaintiffs and others similarly situated based upon their religious affiliation, namely, Judaism, and on the basis of national origin.

20. That the federal government has recognized the existence of religious discrimination in transportation is demonstrated by the September 28, 2023 statement issued by the Department of Transportation (annexed as Exhibit A), invoking Title VI of the Civil Rights Act of 1964 as its basis.

21. Accordingly, Coachways knew, or should have known, of the likelihood of such actions by its drivers/employees and/or agents and/or servants, but failed to take measures to prevent such actions, such measures including, but not limited to anti-discrimination training of its

drivers/employees and/or agents and/or servants and appropriate background checks of current and prospective employees and/or agents and/or servants.

22. Upon information and belief, Coachways is the beneficiary of federal and state funding and subsidies, including, but not limited to, its use of federally funded thoroughfares in its conduct of interstate commerce.

23. Coachways, at all relevant times, had a duty to Plaintiffs and Class members to prevent such discriminatory activity by its drivers/employees and/or agents and/or servants.

24. Coachways' duty to prevent such discriminatory conduct arose under Title VI of the Civil Rights Act of 1964; 42 U.S.C. §1983; Federal Transit Law (49 U.S.C. §5332(b)); the New York State Civil Rights Law; the New York City Civil Rights Law; and the Connecticut Public Accommodations Act (C.G.S. Ch. 46A).

25. As a direct and proximate result of Defendants' wrongful actions and inaction, Plaintiffs and Class members were discriminated against based upon their religious beliefs (and perceived religious beliefs) and national origin and have suffered injury and damages, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religious denomination.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action and seeks to certify and maintain it as a class action under Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3), and/or (c)(4), on behalf of themselves and the following proposed Classes (collectively, the "Class").

27. The Nationwide Class is defined as follows: All individuals residing in the United States who were affected by the Coachways "job action" resulting in the refusal to transport them based upon their religious affiliation on or about November 14, 2023.

28. The New York Class is defined as follows: All individuals residing in New York who were affected by the Coachways "job action" resulting in the refusal to transport them based upon their religious affiliation or national origin on or about November 14, 2023.

29. The Connecticut Class is defined as follows: All individuals residing in Connecticut who were affected by the Coachways "job action" resulting in the refusal to transport them based upon their religious affiliation on or about November 14, 2023.

30. Excluded from each of the above proposed Classes are: Defendant, any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant; and judicial officers to whom this case is assigned and their immediate family members.

31. Plaintiffs reserve the right to re-define the Class definitions after conducting discovery.

32. Each of the proposed Classes meets the criteria for certification under Rules 23(a), (b)(2), (b)(3) and/or (c)(4).

33. <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). Pursuant to Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, the proposed Class includes potentially thousands of individuals who were denied transportation based upon religious affiliation. Class members may be identified through objective means, including by and through Defendants' business records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

34. <u>Commonality.</u> Fed. R. Civ. P. 23(a)(2) and (b)(3). Pursuant to Rule 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

(a) Whether Defendant had a legal duty to implement and maintain anti-discrimination measures for the protection of Class members against discrimination;

(b) Whether Defendant violated Title VI of the Civil Rights Act of 1964;

(c) Whether Defendant violated 42 U.S.C. §1983;

(d) Whether Defendant violated the Federal Transit Law;

(e) Whether Defendant violated various state and local anti-discrimination statutes;

(f) Whether Defendant breached its contract with IAC of which Plaintiffs and the Class were intended third-party beneficiaries in failing to provide contracted-for transportation;

(g) Whether Plaintiffs and Class members suffered legally cognizable damages as a result of Defendants' conduct, and

(h) Whether Plaintiffs and Class members are entitled to relief, including damages and equitable relief.

35. <u>Typicality.</u> Fed. R. Civ. P. 23(a)(3). Pursuant to Rule 23(a)(3), Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs, like all members of the Class, were injured through Defendants' uniform misconduct described above and assert similar claims for relief. The same events and conduct that give rise to Plaintiffs' claims also give rise to the claims of every other Class member because Plaintiffs and each Class member are persons that have

8

suffered harm as a direct result of the same conduct engaged in by Defendant.

36. Adequacy of Representation (Fed. R. Civ. P. 23(a)(4). Pursuant to Rule 23(a)(4), Plaintiffs and their counsel will fairly and adequately represent the interests of the Class members. Plaintiffs have no interest antagonistic to, or in conflict with, the interests of the Class members. Plaintiffs' attorneys are highly experienced in the prosecution of anti-discrimination class actions.

37. <u>Superiority</u> (Fed. R. Civ. P. 23(b)(3). Pursuant to Rule 23(b)(3), a class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual members of the Class because the amount of monetary relief available to individual Plaintiffs is insufficient in the absence of the class action procedure. Separate litigation could yield inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

38. <u>Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief</u> (Fed. R. Civ. P. 23(b)(1) and (2)). In the alternative, this action may properly be maintained as a class action, because:

    (a) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants; or

    (b) The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their

ability to protect their interests; or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

39. Issue Certification (Fed. R. Civ. P. 23(c)(4)). In the alternative, the common questions of fact and law, set forth above, are appropriate for issue certification on behalf of the proposed Class.

**FIRST CAUSE OF ACTION FOR VIOLATION OF
TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
(on behalf of Plaintiffs and All Classes)**

40. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

41. Title VI of the Civil Rights Act of 1964 prohibits discrimination against certain protected classes in access to public accommodations.

42. Coachways provided a service qualifying as a public accommodation.

43. Plaintiffs and Class Members are a protected class by virtue of their religious affiliation and national origin.

44. The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiffs based upon their Judaism and national origin constituted a violation of Title VI of the Civil Rights Act of 1964.

45. Coachways' duty to prevent such conduct arose under Title VI of the Civil Rights Act of 1964, which duty Defendant breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the Plaintiffs and putative class to their intended destination as contracted for.

10

46. As a direct and proximate result of Coachways' above-described wrongful actions, inaction, and omissions, Plaintiffs and Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

### SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. §1983
### (on behalf of Plaintiffs and All Classes)

47. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

48. 42 U.S.C. §1983 provides for relief from actions occurring under color of state law that result in the deprivation of a constitutional right or a federal statutory right.

49. By virtue of the above conduct, Coachways, as a recipient of federal funding and/or subsidies, acted under color of state law to deprive Plaintiffs and Class members of their rights pursuant to, *inter alia*, the First Amendment, Fifth Amendment, the Fourteenth Amendment, Title VI of the Civil Rights Act of 1964, and Federal Transit Law (49 U.S.C. §5332(b)).

50. The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiffs based upon their Judaism and national origin constituted conduct remediable under 42 U.S.C. §1983.

51. As a direct and proximate result of Defendants' above-described wrongful actions, inaction, and omissions, Plaintiffs and Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

### THIRD CAUSE OF ACTION FOR VIOLATION OF
### THE FEDERAL TRANSIT LAW (49 U.S.C. §5332(b)
### (on behalf of Plaintiffs and All Classes)

52. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

53. 49 U.S.C. §5332(b) prohibits discrimination by recipients of Federal Transportation Administration (FTA) funds on the basis of, *inter alia*, religion and national origin.

54. Upon information and belief, Defendant Coachways is a recipient of FTA funding.

55. By virtue of the above conduct, Coachways, as a recipient of FTA funding, violated 49 U.S.C. §5332(b), discriminated against Plaintiffs and the putative class and deprived them of their constitutional and statutory rights.

56. As a direct and proximate result of Defendant Coachways' above-described wrongful actions, inaction, and omissions, Plaintiffs and Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

### FOURTH CAUSE OF ACTION FOR VIOLATION OF
### THE NEW YORK STATE HUMAN RIGHTS LAW
### (on behalf of Plaintiffs and the New York Class)

57. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

58. The New York State Human Rights Law prohibits discrimination against certain protected classes in access to public accommodations.

59. Defendant Coachways provided a service qualifying as a public accommodation.

60. Plaintiffs and the New York Class members are a protected class by virtue of their

religion and national origin.

61. The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiffs and the putative class based upon their Judaism and national origin constituted a violation of the New York State Human Rights Law.

62. Defendant Coachways' duty to prevent such conduct arose under the New York State Human Rights Law, which duty Defendant Coachways breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the Plaintiffs and putative class to their intended destination as contracted for.

63. As a direct and proximate result of Defendants' above-described wrongful actions, inaction, and omissions, Plaintiffs and the New York Class members have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religious denomination.

## FIFTH CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW
**(on behalf of Plaintiffs and the New York Class)**

64. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

65. The New York City Human Rights Law prohibits discrimination against certain protected classes in access to public accommodations.

66. Defendant Coachways provided a service qualifying as a public accommodation.

67. Plaintiffs and the New York Class members are a protected class by virtue of their religion and national origin.

68. The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiffs and the putative class based upon their Judaism and national origin constituted a violation

of the New York City Human Rights Law.

69. Defendants' duty to prevent such conduct arose under the New York City Human Rights Law, which duty Defendant Coachways breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the Plaintiffs and putative class to their intended destination as contracted for.

70. As a direct and proximate result of Defendant Coachways' above-described wrongful actions, inaction, and omissions, Plaintiffs and the New York Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF THE CONNECTICUT PUBLIC ACCOMMODATIONS LAW (C.G.S. Ch. 46A) (on behalf of the Connecticut Class)

71. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs above as if set forth in full herein.

72. The Connecticut Public Accommodations Act (C.G.S. Ch. 46A) prohibits discrimination against certain protected classes in access to public accommodations.

73. Defendant Coachways provided a service qualifying as a public accommodation.

74. The Connecticut Class members are a protected class by virtue of their religion and national origin.

75. The concerted efforts of Defendants to prevent the contracted-for transportation of Plaintiffs and the putative class based upon their Judaism and national origin constituted a violation of the Connecticut Public Accommodations Act.

76. Defendant Coachways' duty to prevent such conduct arose under the Connecticut

Public Accommodations Act, which duty Defendant Coachways breached by, *inter alia*, its failure to provide anti-discrimination training and to ensure that its drivers transported the Plaintiffs and putative class to their intended destination as contracted for .

77. As a direct and proximate result of Defendant Coachways' above-described wrongful actions, inaction, and omissions, the Connecticut Class members were discriminated against and have suffered, and will continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

### SEVENTH CAUSE OF ACTION FOR BREACH OF CONTRACT
### (on behalf of Plaintiffs and All Classes)

78. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs as if set forth in full herein.

79. Coachways had contracted with the Israeli American Council (IAC) via Plaintiff Ben's to provide charter bus service to transport Plaintiffs and the putative Class members to the rally.

80. Plaintiffs and the putative Class members were intended third-party beneficiaries of this contract.

81. A valid contract existed between Coachways and IAC in that there was offer, acceptance and consideration, of which Plaintiffs and putative Class members became third-party beneficiaries.

82. By Plaintiffs and Class members' payment to IAC via Ben's for passage on Defendant Coachways' buses, Plaintiffs and the putative Class members became intended third-party beneficiaries of the contract between Coachways and IAC.

83. Plaintiffs, Class members and IAC fully performed their obligations under the

various contracts with Defendant.

84. Defendant Coachways breached the contract it made with IAC by failing to provide said transportation, by the conduct fully described above, and by failing to refund the sum of $18,950.00 paid for said unprovided transportation.

85. As a direct and proximate result of Defendant Coachways' breach of contract, Plaintiffs and Class members have suffered, and continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religious denomination and national origin.

### EIGHTH CAUSE OF ACTION FOR NEGLIGENCE
### (on behalf of Plaintiffs and All Classes)

86. The Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the preceding paragraphs as if set forth in full herein.

87. Defendant had, and continues to have, a duty to Plaintiffs and putative Class members to exercise reasonable care in training its drivers/employees and/or agents and/or servants so as to prevent discriminatory practices, and to investigate current and prospective employees and/or agents and/or servants by, *inter alia*, conducting appropriate background checks and job performance evaluations.

88. Defendant had a further duty to monitor and supervise its employees and/or agents and/or servants to detect whether they were engaging in unlawful discriminatory practices.

89. Defendant was negligent in failing to conduct such training, investigation, monitoring and supervision, and thus negligently trained, hired, retained, and supervised its employees and/or agents and/or servants.

90. As a direct and proximate result of Defendant Coachways' negligence, Plaintiffs and

Class members were discriminated against and have suffered, and continue to suffer, injuries, including the loss of payment for transportation, the loss of the basic right to freedom of travel, and the stigma of discrimination based upon their religion and national origin.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Classes defined above, respectfully request that this Court:

    A.    Certify this case as a class action under Federal Rule of Civil Procedure 23, appoint Plaintiffs as the Class representative, and appoint the undersigned as Class counsel;

    B.    Order appropriate relief to Plaintiffs and the Classes;

    C.    Enter injunctive and declaratory relief as appropriate under the applicable law;

    D.    Award Plaintiffs and the Classes compensatory and punitive damages;

    E.    Award Plaintiffs and the Classes pre-judgment and/or post-judgment interest as prescribed by law;

    F.    Award reasonable attorneys' fees and costs as permitted by law; and

    G.    Enter such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all claims so triable.

Dated: December 11, 2023

>Respectfully submitted,
>
>HELD & HINES, L.L.P.
>Attorneys for Plaintiffs and the Class
>
>*/s/ Marc J. Held*_____
>2004 Ralph Avenue
>Brooklyn, New York 11234
>(718) 531-9700
>mheld@heldhines.com