

**Jenna A. Agatep**
212.915.5298 (direct)
Jenna.Agatep@wilsonelser.com

May 17, 2024

Hon. Jennifer Rochon, USDJ
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: **Elie Khen, et al v. US Coachways, Inc., et al**
       Docket No. 23-cv-10762-JLR
       <u>Our File No. 25891.00001</u>

Dear Judge Rochon:

This office represents defendant US Bus Charter & Limo Inc. d/b/a US Coachways, s/h/a US COACHWAYS, INC. ("Coachways"). We write per the Court's May 14, 2024 Order directing Coachways to provide supplemental briefing as to its May 13, 2024 letter motion for a stay of discovery. As explained further below, a stay of discovery is warranted now.

**<u>Background:</u>**
This matter involves allegations by the named plaintiffs on behalf of a purported class, that they contracted with defendant Coachways, a bus charter company, to transport them on November 14, 2023, to and from a pro-Israel rally in Washington, D.C., ("Rally") and that Coachways canceled their trips because they are Jewish and/or Israeli nationals. The claims are brought under various federal, state, and local civil rights statutes and common law negligence, and breach of contract.

The initial conference in this matter was held on March 19, 2024, before your Honor. Among the issues discussed were the bases of plaintiffs' claims (certain newspaper articles), Coachways' position (that plaintiffs' original Complaint was severely deficient and should be withdrawn), Plaintiffs amending their Complaint, and a discovery schedule was set. (ECF Docket No. 18).

Following the conference, plaintiffs provided our office with the articles which they base their claims (which notably do not mention Coachways) and Coachways confirmed that 75% of its contracts for the Rally did in fact complete without incident. Instead of withdrawing their Complaint, plaintiffs filed an amendment (ECF Docket No. 29) which merely adds additional parties but does not add any additional facts, except that 25% of the Rally buses were canceled (conceding a 75% success rate).

On May 3, 2024, Coachways requested a stay of discovery from the Court, which request was denied without prejudice to renew on the filing of Coachways' F.R.C.P. Rule 12(c) motion (ECF Docket No. 31). On May 9, 2024, Coachways Answered the Amended Complaint, and on May 13, 2024, it moved, pursuant to F.R.C.P. Rule 12 (c) to dismiss the Amended Complaint in its entirety with prejudice (ECF Docket Nos. 34 and 35) on the following bases:

1. The Title VI Claim (1st Cause of Action) fails on the law and the documentary evidence;

2. The 42 U.S.C. § 1983 claim (2nd Cause of Action) fails because Coachways is not a state actor, and the documentary evidence precludes disparate treatment or intent;

3. The Federal Transportation Administration Act, 49 U.S.C. § 5332(b), (FTA) claim (3rd Cause of Action) fails as there is no private right of action and charter entities are excluded from its provisions;

4. The New York State and City law claims (4th and 5th Causes of Action) are precluded by plaintiffs' pleading failures and the documentary evidence;

5. The Court lacks jurisdiction over the Connecticut Public Accommodations Act claim (6th Cause of Action) because plaintiffs failed to exhaust their administrative remedies;

6. The breach of contract claim (7th Cause of Action) fails because there was no breach;

7. The negligence claim (8th Cause of Action) fails because the actions of third parties do not give rise to a claim.

**Stay Request:**

Coachways respectfully submits that it has good cause for a stay of discovery pending resolution of its motion to dismiss. On a showing of "good cause," a court may stay discovery "during the pendency of a motion to dismiss." *Robert D. Press v. Primavera*, No. 1:21-cv-10971, 2022 U.S. Dist. LEXIS 226954, at *4 (S.D.N.Y. Dec. 16, 2022) (*citing Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 [S.D.N.Y. July 9, 2018]); *see also* Fed. R. Civ. P. 26(c). Courts have considerable discretion in determining whether a stay is warranted. *Id.* (*citing Kaplan v. Lebanese Canadian Bank SAL*, 610 F. Supp. 3d. 533 [S.D.N.Y. July 7, 2022]). In exercising such discretion, courts generally consider the following factors: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (*quoting Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 [S.D.N.Y. May 22, 2013]). The "strength of the motion" factor considers whether the party seeking stay has "substantial arguments for dismissal," or whether "the plaintiff's claim is unmeritorious." *Id.* (*citing Hong Leong Fin. Ltd.*, 297 F.R.D. at 72).

The broad breadth of discovery sought by plaintiffs along with the lack of prejudice given the early stage of litigation weighs in favor of granting a stay. Plaintiffs seek broad discovery on a national basis and for multiple years in their document demands. For example, plaintiffs request:

> 5. [A]ll documents regarding reservations for the Rally Busses . . . regardless of whether such reservations are for Plaintiffs . . . . including . . . all agreements, contracts, tickets, updates, correspondence, cancellation-related notices, e-mails, and refunds.

> 9. . . . for each and every . . . Rally Bus, produce documents evidencing (a) the name and address of said individual or entity that owns, operates, or maintains the Rally Bus, or who employs the Driver; (b) the specific reason why You deny liability (e.g., that the third party owns the Rally Bus, that the third party employs the Driver, etc.); and (c) all contracts, agreements, and correspondence between You and said third-party individual or entity.

20. For each and every day for the past three (3) calendar years, produce records evidencing (a) the number of busses You have scheduled and/or chartered; (b) the number of said busses that made it to their respective destinations on time, late, or not at all; and (c) of the busses that did not make it to their respective destinations, the reasons why, the names of the drivers, and resulting and/or explanatory correspondence to Your customers.

21. For each and every one of the last Large Scale Events, produce records evidencing (a) the number of busses You have scheduled and/or chartered; (b) the number of said busses that made it to their respective destinations on time, late, or not at all; and (c) of the busses that did not make it to their respective destinations, the reasons why, the names of the drivers, and resulting and/or explanatory correspondence to Your customers.

*See* Plaintiff's Document Demands.  The material sought is potentially thousands of documents. The significant number of documents over the course of multiple years, and on a national basis is indicative of the breadth of discovery sought and weighs in favor of a stay as does the fact that given the early stages of litigation, there is no prejudice that attaches to a stay. *See Richardson v. City of New York*, No. 21-cv-05080, 2022 U.S. Dist. LEXIS 102899, at *1 (S.D.N.Y. June 6, 2022) (granting stay where discovery was in early stages and responding to discovery requests would be burdensome); *Sharma v. Open Door NY Home Care Servs.*, No. 24-CV-497, 2024 U.S. Dist. LEXIS 54145, at *9 (S.D.N.Y. Mar. 26, 2024) (Plaintiff will suffer little prejudice as a result of a stay where a case is still in its early stages); *Cohen v. Saraya USA, Inc.*, 2024 U.S. Dist. LEXIS 9406, at *9-10 (E.D.N.Y. Jan. 18, 2024) (As the case "is still in its early stages . . . discovery has not occurred, and depositions have not been taken," a stay pending a motion to dismiss is warranted); *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270 (E.D.N.Y. Jan. 26, 2024) (granting stay where although "there has already been significant motion practice . . . this case is still in early stages").

Moreover, the likely success of Coachways' motion supports the issuance of a stay.  As fully discussed in Coachways' motion, it has strong bases for dismissal as a matter of law, including, *inter alia*, that it is not a state actor for purposes of §1983, there is no private right of action under the FTA and charter entities are excluded from its prohibitions, plaintiffs' failure to exhaust administrative remedies vis a vis its Connecticut claim denies the court of jurisdiction over it, and the documentary evidence establishes non-discrimination.  As Coachways' success on its Motion to Dismiss would dispose of the entire action, this factor also weighs in favor of granting the requested stay. *See Robert D. Press*, 2022 U.S. Dist. LEXIS 226954, at *4 (*citing Alapaha View Ltd. V. Prodigy Network, LLC*, No. 20-cv-7572, 2021 U.S. Dist. LEXIS 89789, at *2 [S.D.N.Y. May 10, 2021] [granting stay of discovery where motion to dismiss was "potentially dispositive]).

**Conclusion:**

For the foregoing reasons, Coachways respectfully submits that the Court should grant its request for a stay.

Thank you for your consideration.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*[signature]*

Celena R. Mayo
Stefanie L. Shmil
Jenna A. Agatep
*Attorneys for Defendant US Coachways, Inc.*
150 East 42nd Street
New York, New York 10017
Tel: (212) 490-3000
Fax: (212) 490-3038
Celena.Mayo@wilsonelser.com
Stefanie.Shmil@wilsonelser.com
Jenna.Agatep@wilsonelser.com
Our File No. 25891.00001

Having considered the parties' arguments as presented at ECF Nos. 38 and 39, the Court finds that Defendant has shown good cause to stay discovery pending the Court's resolution of Defendant's motion for judgment on the pleadings.

"In exercising th[eir] discretion [to stay discovery], courts generally consider . . . (1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Press v. Primavera*, No. 21-cv-10971 (JLR), 2022 WL 17736916, at *1 (S.D.N.Y. Dec. 16, 2020) (fourth alteration in original; quotation marks and citation omitted).  All three factors favor staying discovery at this juncture.  First, the Court finds that the breadth of discovery sought by Defendant is substantial, especially given the number of years with respect to which Plaintiff seeks documents. *See* ECF No. 38 at 2-3.  Second, the Court finds that a stay would not cause Plaintiff to suffer unfair prejudice in the relevant sense. *See, e.g.*, *Broccoli v. Ashworth*, No. 21-cv-06931 (KMK), 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) ("At this stage of the litigation, . . . a delay in discovery, without more, does not amount to unfair prejudice." (citation omitted)).  In so finding, the Court expects, of course, that Defendant will abide by its preservation obligations.  Third, Defendant raises "substantial arguments for dismissal" that address all claims in the complaint. *Gross v. Madison Square Garden Ent. Corp.*, No. 23-cv-03380 (LAK) (JLC), 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citation omitted).

Taking these factors into consideration, the Court concludes that a stay is warranted at this time. *See, e.g.*, *id.* at *2-3; *Press*, 2022 WL 17736916, at *1-2. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 36 and 38.

Dated: May 23, 2024        **SO ORDERED.**
       New York, New York

*/s/ Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**